UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

APRIL MARIE WENTZ,

        Plaintiff,

v.

NANCY A BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

CASE NO. 2:17-CV-01089-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff April Marie Wentz, proceeding *pro se*, filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 8.

After considering the record, the Court concludes Plaintiff failed to show the Administrative Law Judge ("ALJ") erred when she found Plaintiff had no physical impairments at Step Two of the sequential evaluation process. The Court, however, finds the ALJ erred when she failed to provide specific, legitimate reasons supported by substantial evidence for giving little weight to the opinion of Dr. Dana Harmon, Ph.D. Had the ALJ given great weight to Dr. Harmon's opinion, the residual functional capacity ("RFC") may have

included additional limitations or the ALJ may have found Plaintiff disabled. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On June 20, 2013, Plaintiff filed applications for DIB and SSI, alleging disability as of January 8, 2012. *See* Dkt. 10, Administrative Record ("AR") 27. The application was denied upon initial administrative review and on reconsideration. *See* AR 27. A hearing was held before ALJ Laura Valente on October 1, 2015. *See* AR 59-117. In a decision dated December 22, 2015, the ALJ determined Plaintiff to be not disabled. AR 27-38. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 8-13, 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, it appears Plaintiff is arguing the ALJ erred by: (1) failing to consider Plaintiff's severe impairments at Step Two; (2) discounting Plaintiff's activities of daily living when considering her subjective symptom testimony; (3) improperly considering Dr. Dana Harmon's opinion; (4) improperly discounting the lay opinions; and (5) improperly relying on the vocational expert's testimony. Dkt. 16. Plaintiff also contends the ALJ failed to consider the opinion of "Dr. Yun, Ph.D." and asserts she has attached a copy of the opinion for the Court's consideration. *Id.*[1]

---

[1] Defendant asserts Plaintiff raised the following grounds: (1) Did the ALJ reasonably evaluate Plaintiff's subjective complaints?; (2) Did the ALJ reasonably evaluate the medical opinion evidence?; (3) Did the ALJ reasonably evaluate the lay witness testimony; and (4) Did the vocational expert properly determine that Plaintiff could perform work existing in significant numbers in the national economy? Dkt. 18. The Court recognizes it is difficult to discern the alleged errors raised in Plaintiff's Opening Brief. However, the Court finds the assignments of error are as listed in the body of this Order.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### I. Whether the ALJ erred at Step Two.

In the Opening Brief, Plaintiff states she suffers from "several serious physical conditions," including methicillin-resistant staphylococcus aureus ("MRSA") and polycystic ovary syndrome ("PCOS"). Dkt. 16, p. 4. It appears Plaintiff is alleging the ALJ erred by failing to find her MRSA and PCOS disabling impairments at Step Two of the sequential evaluation process.

Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (*quoting* 20 C.F.R. §140.1521(b)). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.*

(*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)).

Here, the ALJ found Plaintiff suffered from the following severe impairments: organic mental disorder, affective disorder, and anxiety disorder. AR 30. The ALJ did not find Plaintiff had any severe physical impairments. *See* AR 30.

Plaintiff states she suffers from MRSA and PCOS. Dkt. 16, p. 4. However, in her Opening Brief, Plaintiff fails to provide record citations showing she has been diagnosed with MRSA and PCOS or allege these two conditions cause significant limitations in her ability to perform basic work activities. *See id.* As Plaintiff failed to explain how these impairments are severe or cite to any evidence supporting her assertion, the Court finds Plaintiff has not shown the ALJ erred at Step Two. *See Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (finding the plaintiff has the burden of demonstrating there are harmful errors in the ALJ's decision).

## II.     Whether the ALJ improperly discounted the opinion of Dr. Dana Harmon.

In the Opening Brief, Plaintiff argues the ALJ failed to properly consider the opinion of Dr. Dana Harmon, Ph.D., Plaintiff's examining psychologist. Dkt. 16, p. 2.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Harmon completed a Psychological/Psychiatric Evaluation of Plaintiff on September 16, 2013. AR 613-636. She found Plaintiff has severe limitations in communicating and performing effectively in a work setting and completing a normal work day and work week without interruptions from psychologically based symptoms. AR 615. Dr. Harmon also found Plaintiff is markedly limited in her ability to understand, remember, and persist in tasks following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; maintain appropriate behavior in a work setting; and set realistic goals and plan independently. AR 615. She found Plaintiff moderately limited in all other areas of mental functioning. AR 615.

The ALJ discussed Dr. Harmon's findings and gave the opinion minimal weight because:

> (1) [I]t should be noted that when recording the symptoms of depressed mood, anxiety, fearfulness and difficulty with social functioning, Dr. Harmon described them as "reportedly marked/chronic," indicating heavy reliance on self-report. Then when addressing the validity of the test results, Dr. Harmon wrote "there are subtle suggestions that the client attempted to portray herself in a negative or pathological manner in particular areas. Some concern about distortion of the clinical picture must be raised as a result. . . ." The combination of the claimant's presentation and the seriousness of the self-reported symptoms can reasonably lead to a lower assessment of functioning than the maximum capacity. (2) Moreover, when the claimant was evaluated by Dr. Harmon, the claimant was not taking any medication ("April has also been treated with different antidepressants in the past, but she is not currently taking any psychiatric medications"). Subsequent record shows (sic) that once the claimant is on medication and receives counseling, her functioning improves.

AR 33-34 (internal citations omitted, numbering added).

First, the ALJ gave little weight to Dr. Harmon's opinion because it was heavily based on Plaintiff's unreliable statements. AR 33-34. An ALJ may reject a physician's opinion "if it is

based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and mental status evaluation are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id*. (internal citations omitted).

Here, the ALJ noted that Dr. Harmon found Plaintiff's symptoms of depressed mood, anxiety, fearfulness, and difficulties in social functioning were "reportedly" marked and chronic, indicating Dr. Harmon relied on Plaintiff's self-reports in rendering her opinion. *See* AR 33, 614. However, the record does not show Dr. Harmon relied more heavily on Plaintiff's self-reported symptoms than other information and objective evidence. *See* AR 614. Rather, in reaching her opinion, Dr. Harmon observed Plaintiff and conducted a clinical interview and mental status examination. *See* AR 613-26. Dr. Harmon did not discredit Plaintiff's subjective reports and

supported her ultimate opinion with objective testing, personal observations, and a clinical interview. Therefore, the ALJ's finding that Dr. Harmon heavily relied on Plaintiff's self-reported symptoms in reaching her opinion is not supported by substantial evidence.

The ALJ also found Dr. Harmon wrote "there are subtle suggestions that the client attempted to portray herself in a negative or pathological manner in particular areas," which undermines Dr. Harmon's findings. AR 33-34. A review of the record shows that a Personality Assessment Inventory ("PAI") was included in the exhibit containing Dr. Harmon's report. *See* AR 627-36. The PAI was completed by Dr. Leslie C. Morey, Ph.D. on September 9, 2013, and the report states it was prepared for the Department of Social and Health Services ("DSHS"). AR 627.[2] Within the PAI, Dr. Morey did note that "there are subtle suggestions that the client attempted to portray herself in a negative or pathological manner in particular areas." AR 632. There is no indication, however, that Dr. Harmon relied on the PAI or that the PAI was even reviewed by Dr. Harmon. In fact, Dr. Harmon stated no previous DSHS psychological evaluations were available for her review. AR 613. As there is no evidence showing Dr. Harmon wrote, reviewed, or considered the PAI when rendering her opinion, the ALJ's finding that Dr. Harmon's opinion is unsupported because she found Plaintiff portrayed herself in a negative way during testing is not supported by substantial evidence.

In sum, the Court finds Dr. Harmon's opinion was not more heavily based on Plaintiff's negatively portrayed self-reports. Therefore, this is not a specific and legitimate reason supported by substantial evidence for giving little weight to Dr. Harmon's opinion.

Second, the ALJ gave little weight to Dr. Harmon's opinion because the subsequent records show Plaintiff's functioning improves when she is on medication and receives

---

[2] While unclear, it appears Dr. Morey's opinion may have been incorrectly included in the exhibit containing Dr. Harmon's report.

counseling. AR 34. This finding is conclusory. The ALJ failed to explain how or what results contained in the subsequent treatment records conflicted with Dr. Harmon's opinion. *See Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). Additionally, in finding Plaintiff showed improvement with medication and counseling, the ALJ cited to twelve pages of treatment notes from Plaintiff's counseling sessions with Plaintiff's mental health counselor, Katherine Shimada. *See* AR 34, 809-20. The treatment notes, however, do not state Plaintiff is taking any medications. *See* AR 809-20. The treatment notes also fail to show Plaintiff was improving. While some treatment notes state Plaintiff's anxiety had decreased, the treatment notes also indicate her anxiety increased. *See* AR 810-14. Further, Ms. Shimada only assessed Plaintiff as maintaining her current level, despite the fact the treatment note form allowed Ms. Shimada to find Plaintiff "improved" or "greatly improved." AR 809-820. Ms. Shimada stated treatment should continue because Plaintiff's symptoms were persisting. AR 809-20. The ALJ's finding that Dr. Harmon's opinion is inconsistent with subsequent records is both conclusory and unsupported by the record. Thus, the Court concludes the ALJ's second reason for assigning little weight to Dr. Harmon's opinion is not specific and legitimate.

For the above stated reasons, the Court finds the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Harmon's opinion. Therefore, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Harmon's opinion, the RFC may have included additional mental limitations or the ALJ may have found Plaintiff disabled. For example, Dr. Harmon found Plaintiff was severely limited in her ability to communicate and perform effectively in the workplace and complete a normal work day and work week without interruptions from her symptoms. AR 615. In the RFC, the ALJ did not account for severe limitations in Plaintiff's ability to communicate or perform work or account for absences due to an inability to complete a normal work day or work week. *See* AR 31. Therefore, if Dr. Harmon's opined limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, William Weiss, the ultimate disability determination may have changed. Accordingly, ALJ's error is not harmless and requires reversal.

**III. Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony and lay witness evidence.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations and alleges the ALJ failed to provide germane reasons for discounting the lay witness opinions of Plaintiff's mother, Leanne Spooner, Plaintiff's grandmother, Elsie Wentz, Plaintiff's aunt, Michelle Wentz, and Plaintiff's friend,

1 | Tanya Stern. Dkt. 16, pp. 1-3. The Court concludes the ALJ committed harmful error in

2 | assessing the medical opinion of Dr. Harmon. *See* Section II, *supra*. Because the ALJ's

3 | reconsideration of the medical evidence may impact her assessment of Plaintiff's subjective

4 | testimony and the lay witness opinions, on remand, the ALJ must reconsider Plaintiff's

5 | subjective testimony and the testimony and statements from the four lay witnesses.

6 | The Court also notes, on March 28, 2016, the Social Security Administration changed the

7 | way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016);

8 | 2016 WL 1237954 (Mar. 24, 2016). The term "credibility" will no longer be used. 2016 WL

9 | 1119029, at *1. Further, symptom evaluation is no longer an examination of a claimant's

10 | character. *See id*. at *10 ("adjudicators will not assess an individual's overall character or

11 | truthfulness"). The ALJ's decision here – dated December 22, 2015 – was issued before SSR 16-

12 | 3p became effective. Thus, the ALJ did not err by failing to apply SSR 16-3p. However, on

13 | remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective symptom

14 | testimony.

**IV.     Whether the ALJ erred in finding Plaintiff not disabled at Step 5.**

Plaintiff contends the ALJ erred in finding her not disabled at Step 5 because the vocational expert ("VE") testified that Plaintiff would be unable to work. Dkt. 16, p. 4. Regardless of whether the ALJ properly relied on testimony provided by the VE when finding Plaintiff could perform jobs found in the national economy, the Court concludes the ALJ committed harmful error when she failed to properly consider Dr. Harmon's opinion. *See* Section II, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, she must also re-evaluate the findings at Step 5 to determine if there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the re-evaluated RFC. *See Watson v. Astrue*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

**V.     Whether the case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 16, p. 4. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical opinion evidence, Plaintiff's symptom testimony, and the testimony and statements of four lay witnesses to determine if Plaintiff is capable of performing jobs existing in significant numbers in the

national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

**VI.  Whether the Court should remand this case pursuant to sentence six.**

Plaintiff also requests the Court consider the opinion of Dr. Yun, Ph.D., which she stated she attached to her Opening Brief, but which was not filed with the Court. Dkt. 16, p. 2. Because the Court finds remand is appropriate under sentence four of 42 U.S.C. § 405(g), the Court will not analyze Plaintiff's sentence six argument.[3]  However, the Court notes Plaintiff did not attach Dr. Yun's opinion to her Opening Brief or Reply Brief or meet the requirements for remand under sentence six. *See* Dkt. 16, 19. On remand, the Court directs the Commissioner to determine if the record should be reopened to allow Plaintiff the opportunity to submit additional evidence.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 14th day of February, 2018.

_____
David W. Christel
United States Magistrate Judge

---

[3] Sentence six of 42 U.S.C. § 405(g) authorizes a reviewing court to remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991).